IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 11-cr-00440-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JOHN THOMAS CASADOS, JR.,

    Defendant.

_____

**ORDER**
_____

    This matter comes before the Court on defendant's Motion to Exclude Government's Proposed Expert Jean G. McAllister [Docket No. 28]. Trial in this matter is currently scheduled for December 27, 2011. A motions hearing is set for December 19, 2011.

    The motion to exclude alleges that the "Government has not provided any report or summary of the anticipated testimony of Ms. McAllister" and claims that "there have been no specific opinions rendered for the court to evaluate." Docket No. 28 at 2-3. As a result, the defendant argues that Ms. McAllister should be barred from testifying. *Id.* at 3.

    The Discovery Conference Order states that "[w]ritten summaries of any testimony that the government intends to use under Rules 702, 703, or 705, Fed. R. Crim. P. 16(a)(1)(G)[,] shall be provided on such schedule as the District Court shall determine upon motion by either party." Docket No. 19 at 8. The Court's Order of

November 9, 2011 established that "expert witness disclosures pursuant to Fed. R. Crim. P. 16 shall be made no later than seven days before the deadline for filing pretrial motions and any challenges to such experts shall be made by the pretrial motion filing deadline."  Docket No. 23 at 1.  The deadline for filing pretrial motions was November 30, 2011.  *Id.*  Thus, the government's deadline for filing disclosures pursuant to Rule 16 was November 23, 2011.

By letter dated November 18, 2011, the United States notified the defendant of its intent to call two experts at trial.  *See* Docket No. 37-1.  One of these experts was Jean McAllister, identified as "an expert in domestic violence."  *Id*.  The letter acknowledged that, pursuant to the Court's order setting deadlines, expert witness disclosures pursuant to Rule 16 were due on approximately November 23, 2011.  *Id*.  The government provided the following disclosure regarding Ms. McAllister:

> Jean McAllister . . . is an expert in domestic violence, including victim behaviors and response to trauma and offender behaviors and management. . . .  Ms. McAllister may testify to all matters regarding domestic abuse, the victim's actions and behaviors as well as the actions and behaviors of the domestic abusers.  Ms. McAllister has yet to complete a report but I will forward such report immediately upon receipt.

Docket No. 37-1.  The curriculum vitae attached to this letter provides a history of Ms. McAllister's employment and experience, but does not disclose any opinions she may hold regarding domestic violence issues.  The government admits that it has not provided any other disclosures regarding Ms. McAllister, although the government states that Ms. McAllister has indicated that she will have a "more detailed summary" by December 12, 2011.  Docket No. 37 at 4.

2

The first question that arises is whether the government's disclosures regarding Ms. McAllister satisfy Rule 16. In regard to expert witnesses, Rule 16 states that "the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). The Rule further states that the "summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id*. Clearly, the government's November 18 disclosures fail to satisfy Rule 16. At best, such disclosures put the defendant on notice that Ms. McAllister may testify "to all matters regarding domestic abuse, the victim's actions and behaviors as well as the actions and behaviors of the domestic abusers." Docket No. 37-1. But Rule 16 requires more than notice; it requires the disclosure of the expert's "opinions" and the "bases and reasons for those opinions." Fed. R. Crim. P. 16(a)(1)(G). The government has yet to disclose those matters.

The second issue that arises is what consequence the Court should impose on the government for its failure to comply with the Court's November 9, 2011 Order and Rule 16. If a party fails to comply with a discovery request, the district court may order sanctions, including (1) issuance of an order demanding compliance, (2) grant of a continuance, (3) exclusion of undisclosed evidence, or (4) the imposition of any other just order. Fed. R. Crim. P. 16(d)(2); *see United States v. Brown,* 592 F.3d 1088, 1090 (10th Cir. 2009). In deciding which sanction is proper, the district court should typically consider three factors: (1) the reason for the government's delay in production; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility of

curing the prejudice with a continuance.  *United States v. Russell*, 109 F.3d 1503, 1511 (10th Cir. 1997).  The court "must impose the least severe sanction that will accomplish prompt and full compliance with the court's discovery orders." *United States v. Ivy*, 83 F.3d 1266, 1280 (10th Cir. 1996) (citation, ellipses, and quotation marks omitted).  The Tenth Circuit in *Brown* noted that the remedy of exclusion is "extreme" and "is almost never imposed 'in the absence of a constitutional violation or statutory authority for such exclusion.'"  592 F.3d at 1090 n.4 (quoting *United States v. Charley*, 189 F.3d 1251, 1262 (10th Cir. 1999), and *United States v. Gonzales*, 164 F.3d 1285, 1292 (10th Cir.1999)).

While the defendant has asked that Ms. McAllister not be allowed to testify at trial, neither the defendant nor the United States have discussed the factors listed above in determining what sanction, if any, to impose.  Thus, it is appropriate for the parties to provide additional briefing on the issue of sanctions before the December 19, 2011 hearing.  Wherefore, it is

ORDERED that, on or before December 12, 2011 at 5:00 p.m., defendant shall file a brief identifying the sanction that he requests in light of the factors identified in this Order.  It is further

ORDERED that, on or before December 14, 2011 at 5:00 p.m., the United States shall file a brief identifying the sanction, if any, that it believes is appropriate in light of the factors identified in this Order.

DATED December 8, 2011.

                                  BY THE COURT:

                                  s/Philip A. Brimmer
                                  PHILIP A. BRIMMER
                                  United States District Judge